**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JEANAH ALEXANDER** ) | CASE NO.  5:16-CV-0071 |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| **THE UNIVERSITY OF AKRON** ) | |
| ) | |
| Defendant. ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff, Jeanah Alexander, alleges as follows for her Complaint against The University of Akron:

**PARTIES**

1. Plaintiff resides at 272 S. Cleveland, Ave., Mogadore, Ohio 44260.

2. Defendant The University of Akron is a state university located in Summit County, Ohio.

3. At all times material to this Complaint, Defendant was an employer within the meaning of 29 U.S.C. 203(d).

4. At all times material to this Complaint, Plaintiff was an employee within the meaning of 29 U.S.C. 203(e).

**JURISDICTION AND VENUE**

5. Jurisdiction in this case is based on 28 U.S.C. § 1331, as Plaintiff brings a claim for violations of 29 U.S.C. 206(d) (the "Equal Pay Act"), which is part of the Fair Labor Standards Act ("FLSA"), and pursuant to 29 U.S.C. 216(b).

6. The Court has personal jurisdiction over Defendant because at all relevant times Defendant maintained a place of business in Ohio in this District and/or conducted substantial business in Ohio and this District.

7. Venue is proper in this District because at all relevant times Defendant maintained a place of business in this District and conducted substantial business in this District.

## STATEMENT OF FACTS

8. Plaintiff worked for Defendant as a Departmental System Administrator.

9. Plaintiff is a female.

10. Plaintiff and other females are paid substantially less than male Departmental System Administrators although they all perform work under similar working conditions and the work requires equal skill, effort and responsibility.

11. Payment of Departmental System Administrators is not made pursuant to: (i) a seniority system; (ii) merit system; (iii) a system which measures earnings by quantity or quality of production; or, (iv) a differential based on any other factor than sex.

12. In fact, one of Defendant's Vice Presidents admitted that "Ms. Alexander's 14 years of service is comparable with other Departmental Systems Administrators who generally make significantly more than" Ms. Alexander.

## COUNT I
### (Violation of the Equal Pay Act, 29 U.S.C. 206(d))

13. Plaintiff restates each of the previous paragraphs of this Complaint as if fully rewritten herein.

14. Plaintiff is an employee as that term is defined in the FLSA, and as applied to the Equal Pay Act.

15. Defendant is an employer as that term is defined in the FLSA, and as applied to the Equal Pay Act.

16. Plaintiff was paid substantially less than male employees for equal work on jobs the performance of which required equal skill, effort and responsibility, and which were performed under the same working conditions.

17. Plaintiff has suffered damages to be determined with particularity at trial as a result of Defendant's violation of the Equal Pay Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff lost wages and liquidated damages and all other relief as allowed under 29 U.S.C. 206(d) and 29 U.S.C. 216(b);

2. Awarding Plaintiff her reasonable costs and attorney fees necessarily incurred herein; and

3. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
4580 Stephen Circle, NW
Suite 201
Canton, Ohio 44718
Telephone:   (330) 470-4428
Fax:         (330) 754-1430
Email:       hans@ohlaborlaw.com
             sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

                 */s/ Hans A. Nilges*
                 Hans A. Nilges